UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JERRY ALLEN KNIGHT,

        Plaintiff,

v.

                                            Case No. 3:21-cv-159-BJD-PDB

BLAKE ORTAGUS,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1). In May 2020, Plaintiff was convicted of four offenses: (1) aggravated fleeing or attempting to elude a law enforcement officer; (2) battery on a law enforcement officer; (3) resisting an officer with violence; and (5) driving while license suspended or revoked. See State v. Knight, No. 16-2019-CF-009247 (Fla. 4th Cir. Ct.). He is currently serving a five-year term of incarceration. Id.

In the Complaint, Plaintiff names one Defendant – Officer Blake Ortagus. Doc. 1. He alleges that Defendant "physically abus[ed]" Plaintiff during Plaintiff's arrest for the abovementioned crimes. Id. at 4-5. Plaintiff asserts that he suffered "a dislocated right shoulder, laceration to [his] face and scalp and head" and "was taken to Shands hospital in [a] police car and

was not seen and not treated." Id. at 5. As relief, Plaintiff requests $250,000 in compensatory damages and $250,000 in punitive damages. Id.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Liberally read, Plaintiff's Complaint fails to state a plausible § 1983 claim. If Plaintiff intends to allege Defendant used excessive force during his arrest, he must allege that "the force purposely or knowingly used against him was objectively unreasonable" under the circumstances. Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015) (holding courts should apply an objective standard when assessing whether an officer used excessive force during an arrest, a standard that turns on "the facts and circumstances of each particular case," including what the officer knew and did). Plaintiff has failed

to allege any facts suggesting that Defendant's use of force was objectively unreasonable under the circumstances, especially in light of the crimes for which Plaintiff was ultimately convicted.

Plaintiff also fails to allege any facts suggesting that Defendant was deliberately indifferent to Plaintiff's medical needs. Deliberate indifference requires "three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003) (citations omitted); see Patel v. Lanier Cnty., 969 F.3d 1173, 1188-89 & n.10 (11th Cir. 2020) (recognizing "a tension within [Eleventh Circuit] precedent regarding the minimum standard for culpability under the deliberate-indifference standard," as some cases have used "more than gross negligence" while others have used "more than mere negligence"; finding, however, that it may be "a distinction without a difference" because "no matter how serious the negligence, conduct that can't fairly be characterized as reckless won't meet the Supreme Court's standard" (citations omitted)). Plaintiff has failed to allege facts suggesting that Defendant knew of a substantial risk of serious harm and disregarded that risk. See Stone v. Hendry, 785 F. App'x 763, 768 (11th Cir. 2019) ("Subjective knowledge cannot be shown by demonstrating that an officer deviated from standard policy, or even that he was grossly unreasonable in his actions.").

4

In light of the foregoing, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of May, 2021.

BRIAN J. DAVIS
United States District Judge

Jax-7
C: Jerry Allen Knight, #J06893